IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| TIFFANY FLANNERY, | : | CASE NO. 3:18-CV-00412-WHR-MJN |
| | : | |
| Plaintiff, | : | Judge Walter H. Rice |
| | : | |
| vs. | : | |
| | : | |
| RIVERSIDE RESEARCH INSTITUTE, | : | |
| | : | STIPULATED PROTECTIVE ORDER |
| Defendant. | : | |
| | : | |

Pursuant to Rule 26(C) of the Federal Rules of Civil Procedure, Plaintiff Tiffany Flannery ("Flannery") and Defendant Riverside Research Institute ("Riverside") collectively referred to as "The Parties" jointly stipulate and request that this Stipulated Protective Order (the "Protective Order") govern the handling of confidential and proprietary information in the captioned lawsuit (the "Litigation").  The Parties believe that they possess information related to the subject matter of the Litigation that is confidential, whether as trade secrets, confidential business information, confidential personal information or as otherwise protected by law, and recognize that in the course of the Litigation, including discovery and settlement, it may be necessary to disclose such information.  The Parties seek to protect such information from disclosure and use for any purpose other than the Litigation by stipulating to and requesting that the Court enter this Protective Order.

The terms and conditions of the Protective Order shall govern the production and handling of any portion of whole of documents (in hardcopy or electronic format), answers to

1

interrogatories, responses to requests for production of documents, responses to requests for admission, depositions, transcripts, pleadings, briefs/memoranda/other filings with the Court, exhibits, testimony, and all other exchanges of information/things for the purposes of discovery, settlement, or the litigation process otherwise in this Litigation.

I. **DESIGNATION AND DISCLOSURE OF CONFIDENTIAL MATERIAL AND ATTORNEYS' EYES ONLY MATERIAL**

    1.    In responding to a request for information, any Party or non-party (the "Designating Party") may designate Confidential Material as "CONFIDENTIAL – SUBJECT to PROTECTIVE ORDER." Confidential Material shall include any document or testimony that contains or constitutes information that a Designating Party in good faith believes contains or refers to information that is not generally available to or accessible by the general public, that is to be kept confidential due to preexisting obligations, or that is necessary to avoid embarrassment, annoyance or oppression to the Designating Party, or its employees or affiliates, or other third parties. By way of example, but not of limitation, documents and information that would be appropriately marked pursuant to this paragraph would be personnel files, medical or psychiatric information, and confidential personal information. A party shall act in good faith in accordance with Federal Rule of Civil Procedure 26(C) in designating information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

    2.    In responding to a request for information, the Designating Party may designate Attorneys' Eyes Only Material as "ATTORNEYS' EYES ONLY." Attorneys' Eyes Only Material shall include any document or testimony that a Designating Party reasonably and in good faith believes contain or refer to trade secrets or other non-public or confidential research, development, business or financial information, or other confidential commercial information, and that, is not publically available and could potentially be useful to a competitor. By way of

example, and not of limitation documents and information that would be appropriately marked pursuant to this paragraph would include compensation information, resumes, or applications of Defendant's employees and former employees (except of Plaintiff) and documents or information relating to Defendant's compensation benchmarking system.  A party shall act in good faith in accordance with Federal Rule of Civil Procedure 26(C) and applicable law in designating information as "ATTORNEYS' EYES ONLY."

       3.       Such portions of documents and testimony designated as Confidential or Attorneys' Eyes Only and the information or data contained therein, along with any abstracts, summaries or indices of such documents, testimony, information or data, shall be referred to as "Confidential Material" or "Attorneys' Eyes Only Material," respectively.  Any non-party intending to produce Confidential Material and/or Attorneys' Eyes Only Material shall be deemed a Party to the Protective Order upon its execution of a copy of Exhibit A.

       4.       Information designated as Attorneys' Eyes Only Material may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons who may make use of such information only in connection with the Litigation, and shall not be used, disclosed, summarized, or otherwise communicated in whole or in part:

    (a)    The Court, including court personnel, any court exercising appellate jurisdiction over this lawsuit, and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation, and employees and stenographers transcribing testimony or argument;

    (b)    Outside counsel of record for the parties and employees of such attorneys, paralegals, secretaries, and clerks to whom it is necessary that the material be shown for purposes of this litigation;

    (c)    Actual or potential third party independent experts, consultants, investigators, or advisors of the parties who have signed an Agreement Regarding Protective Order in the form of the attached Exhibit A, provided that such expert or consultant is not an officer, director, employee, owner, partner, or member of, or consultant to any other Party hereto;

(d) Document contractors, exhibit contractors, graphic art contractors, and jury consultants to whom it is necessary that the material be shown for purposes of the Litigation, and who have signed an Agreement Regarding Protective Order in the form of Exhibit A, attached; and

(e) Persons testifying in depositions to the extent the "ATTORNEYS' EYES ONLY" document or information was authored by or addressed to the person testifying or such person is knowledgeable (without having obtained such knowledge through improper means) about such information or contents of the document prior to disclosing the information or document.

5. In addition to the individuals and entities identified in Paragraph 4, information designated as Confidential Material may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons who may make use of such information only in connection with the Litigation, and shall not be used, disclosed, summarized, or otherwise communicated in whole or in part:

a. Individual Parties and Two (2) corporate officers or employees of any corporate Party who are performing duties in connection with this Litigation provided such information is maintained in separate and identifiable files access to which is restricted to the foregoing persons and that such persons have signed an Agreement Regarding Protective Order in the form of Exhibit A; and

b. During hearings and depositions, and in preparation for hearings and depositions, a fact witness who counsel for any Party in good faith reasonably believes may be questioned about the material designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.," or about any of the specific events, transactions, discussions, or data reflected in the document, provided such witness first executes a copy of <u>Exhibit A</u> and such witness is not provided a copy of such material.

6. The designation of Confidential and Attorneys' Eyes Only Material for purposes of this Protective Order shall be made in the following manner:

a. In the case of documents, exhibits, briefs, memoranda, responses to interrogatories or other materials (apart from depositions or other pretrial testimony): by stamping "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." or "ATTORNEYS' EYES ONLY," whether in all capital or lowercase letters, or any combination thereof, on the first page of the document and on each page or portion thereof so designated. If the document is not in paper form, the Designating Party shall use reasonable and clearly visible means to identify the document or other form of information as "CONFIDENTIAL – SUBJECT TO

4

       PROTECTIVE ORDER." or "ATTORNEYS' EYES ONLY," including marking any container and any physical object;

  b. Deposition testimony shall be deemed Confidential Material or Attorneys Eyes Only Material only if so designated. Such designation shall be specific as to the portions of the transcript or any exhibit to be so designated. If a party wishes to designate portions of the transcript or any exhibit to a deposition Confidential Material or Attorneys' Eyes Only Material, that party must notify the other as to the pages and lines, or exhibits, being so designated within fifteen (15) days of receiving the deposition transcript. Thereafter, the portions of the deposition transcripts and any exhibits so designated shall be protected by this Order, pending objection pursuant to the terms of this Order.

  c. If any portion of an electronically recorded deposition is designated as Confidential Material or Attorneys' Eyes Only Material, the electronic recording, regardless of media form, shall be labeled as containing such information.

7. If any person other than the witness is present at a deposition where Confidential Material and/or Attorneys' Eyes Only Material will be used, any person who does not fall within the categories of persons permitted to receive the Material as set forth in Paragraphs 4 and 5 herein shall not be permitted to be present during the portion of the deposition when the Material is used.

8. The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

  a. Before any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY is filed under seal with the Clerk, the filing party shall first consult with the Designating Party to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

  b. Where agreement is not possible or adequate, before a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY document, or pleading discussing such a document, is filed with the Clerk, the

5

      party filing the document may do so by filing on the public ECF system a redacted version of the pleading discussing a document protected by this Order that redacts all reference to the protected document or information and an unredacted version of the pleading directly to chambers for *in camera* review in connection with the consideration of the pleading. The unredacted version of the pleading should clearly denote the information or documents that are protected by this Order.

    c. If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method.

9. Confidential Material and Attorneys' Eyes Only Material shall be used by a Receiving Party solely for the purposes of the Litigation, and shall not be used, whether in whole or in part, for any other purpose during or after this Litigation, including, without limitation, any business, proprietary or commercial purpose, nor shall Confidential Material or Attorneys' Eyes Only Material be disclosed to any third-parties, with the exception of the individuals identified, as permissible, in Paragraphs 4 and 5 above.

10. Counsel shall inform each person to whom they disclose or give access to Confidential Material and/or Attorneys' Eyes Only Material the terms of the Protective Order, as well as the obligation to comply with these terms. Persons receiving Confidential Material and/or Attorneys' Eyes Only Material are prohibited from disclosing it to any person except in conformance with the Protective Order.

11. The recipient of any Confidential Material and/or Attorneys' Eyes Only Material agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Protective Order.

12. The Parties agree, and agree to inform each person to whom they disclose or give access to Confidential Material and/or Attorneys' Eyes Only Material, that damages for violation

of the Protective Order are not an adequate remedy and that the appropriate remedy is injunctive relief.

13. Counsel shall maintain a file of all executed copies of Exhibit A.

14. The Protective Order does not apply to any information or documents already in the possession of a Receiving Party and not subject to any obligation of confidentiality, or acquired by a Receiving Party from a third-party without being designated confidential, or similar material unless the third-party received the information or documents subject to some form of confidentiality protection.

15. A Receiving Party shall maintain any Confidential Material and/or Attorneys' Eyes Only Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such Confidential Material and/or Attorneys' Eyes Only Material as is exercised by the Receiving Party with respect to his, her, or its own confidential or proprietary information.

16. At the request of the Designating Party, the Court may limit or restrict person(s) who are not permitted access to Confidential Material and/or Attorneys' Eyes Only Material from attending any hearing at which such information is revealed.

17. A Party may object to a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." or "ATTORNEYS' EYES ONLY" designation of particular material by giving written notice to the Designating Party.  The written notice shall identify the documents, materials, or information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, which may be extended by agreement of the Parties, it shall be the obligation of the Receiving Party to file an appropriate motion, expressly identifying the documents, materials, or information and

designation objected to and basis therefore, and requesting that the Court determine whether the designation should stand.  The disputed documents, materials, or information shall be treated as Confidential Material and/or Attorneys' Eyes Only Material as the case may be under the terms of this Protective Order until the Court rules otherwise.  In connection with a motion filed under this provision, the Designating Party shall bear the burden of establishing that good cause exists for the disputed documents, materials, or information to be treated as Confidential Material and/or Attorneys' Eyes Only Material.

18. The Protective Order has no effect upon, and shall not apply to, the Designating Party's use of its own Confidential Material and/or Attorneys' Eyes Only Material for any purpose, including in the Litigation.

19. The production of any Confidential Material or Attorneys' Eyes Only Material during the exchange of information in this Litigation without a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." or "ATTORNEYS' EYES ONLY" designation shall be without prejudice to any claim that such document or information is Confidential Material or Attorneys' Eyes Only Material, and no Designating Party shall be held to have waived any rights by such inadvertent production.  If, after producing a document or information, a Party determines that a document or information should have received a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." or "ATTORNEYS' EYES ONLY" designation, the Party shall promptly provide written notice upon such determination to the Receiving Party and shall, within five (5) days, provide the Receiving Party with a replacement copy of the document or information bearing a proper "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." or "ATTORNEYS' EYES ONLY" designation.  The Receiving Party shall promptly return the undesignated document or information and any copies thereof to the Designating Party after

receiving the appropriately designated document or information. During the five-day period following written notification that the document or information should have been designated as Confidential Material and/or Attorneys' Eyes Only Material, the Receiving Party shall treat the undesignated document or information as though it had been so designated. If the Receiving Party, prior to notice of re-designation, has disseminated the Material to individuals not designated to receive the Material after re-designation, the Receiving Party shall make a reasonable and good faith effort to retrieve the Material, to obtain the agreement of the individuals to maintain the confidentiality of the Material under the terms of this Protective Order, such as obtaining an executed Exhibit A, and for authorized individuals, to replace the un-designated Material with re-designated Material.

      20.     Should any Confidential Material and/or Attorneys' Eyes Only Material be disclosed, through inadvertence or otherwise, by a Receiving Party to any person or Party not authorized under this Protective Order, the Receiving Party shall: (a) use its best efforts to obtain the return of any such Confidential Material and/or Attorneys' Eyes Only Material and to bind such person or Party to the terms of the Protective Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of all provisions of the Protective Order and identify such person or Party to the Designating Party (including the name, address, phone number, and employer of such person); and (c) request such person or Party to sign a copy of Exhibit A. If such person or Party agrees to sign Exhibit A, counsel for the Receiving Party will advise counsel for the Designating Party of this fact within five (5) days of Exhibit A's execution by the Party to whom the Confidential Material and/or Attorneys' Eyes Only Material was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies or damages that the Designating Party may pursue for breach of the Protective Order.

21. Producing or receiving Confidential Material and/or Attorneys' Eyes Only Material under or otherwise complying with the Protective Order shall not:

   a. prejudice the rights of the parties to object to the production of documents they consider not subject to exchange except where such objection is based solely on the confidentiality of such documents;

   b. prejudice the rights of any party to petition the Court for a further Protective Order relating to any purportedly Confidential Material and/or Attorneys' Eyes Only Material;

   c. prejudice the rights of any party to seek the Court's determination of whether any documents or testimony constitute Confidential Material and/or Attorneys' Eyes Only Material under the terms of the Protective Order;

   d. prevent the Designating Party from waiving the provisions or protections provided for by the Protective Order with respect to particular material produced by that Designating Party;

   e. affect the admissibility, or preclude a Party from objecting to the admissibility, of any document, material, or information at any hearing or trial; or

   f. operate as an admission by the receiving party that any particular Confidential Material and/or Attorneys' Eyes Only Material contains or reflects trade secrets, proprietary or any other type of confidential or protectable matter.

22. If a Receiving Party (a) is subpoenaed in another action, (b) is served with a demand in another action in which it is a party, or (c) is served with any legal process by one not a party to this action, seeking Confidential Material and/or Attorneys' Eyes Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice, by hand delivery, and/or electronic mail, within three (3) business days of receipt of such subpoena, demand or legal process, or sooner if necessary, to the Designating Party's counsel so that the Designating Party has an opportunity to seek relief from the subpoena, document demand or legal process.  Provided that the Designating Party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the Receiving Party shall not produce or disclose the requested information without consent of the Designating Party or

10

until ordered by a court or other Court of competent jurisdiction. Notice shall be made to all counsel of record in the Litigation.

## II. DURATION AND EXTENT OF THE PROTECTIVE ORDER

23. This Protective Order shall survive the termination of the Litigation and shall continue in full force and effect thereafter. Within thirty days (30) days after receiving notice of final disposition of the Litigation, including any appeals, all Receiving Parties shall, at the Designating Party's election, either return the Material and all copies to counsel for the Designating Party, at the Designating Party's expense, or certify in writing to counsel for the Designating Party that such documents have been destroyed. Counsel shall make reasonable efforts so that all experts and consultants they have retained and any other non-parties to whom they have provided Confidential Material and/or Attorneys' Eyes Only Material abide by this provision. Outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product, including material containing Confidential Material and Attorneys' Eyes Only Material, provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the Designating Party. Within thirty (30) days after final termination of the Litigation, or such other time as required by the Court, outside counsel for a named Party shall retrieve from the Court all Confidential Material and Attorneys' Eyes Only Material submitted to the Court during the Litigation and return or dispose of such information in accordance with this Paragraph.

24. The Parties consent to the submission of a Stipulation and Order governing the exchange of confidential information substantially identical to this Protective Order in any jurisdiction in which process is issued to require the production of documents or testimony from

a non-party in the event that such non-party requests that a stipulation and order concerning confidentiality be approved.

29.     The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to the Parties, and that any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been approved by the Court. If the Court refuses to approve this Protective Order, the Parties will nonetheless act as if the Protective Order had been approved.

30.     This Protective Order applies retroactively to any Confidential and Attorneys' Eyes Only Material produced prior to the signing of the Protective Order.

31.     Any Party may petition the Court to modify or grant relief from any provision of this Protective Order.

SO ORDERED.

*Walter H. Rice* (tp - per Judge Rice authorization after his review)

Judge Walter H. Rice

Respectfully submitted,

DUWEL LAW

By */s/ David M. Duwel*
David M. Duwel (0029583)
130 West Second St., Ste. 2101
Dayton, Ohio 45402
Phone:  937-297-1154
Fax:       937-297-1152

*TRIAL ATTORNEY FOR PLAINTIFF*

Respectfully submitted,

VORYS, SATER, SEYMOUR, PEASE LLP

By */s/ Nelson D. Cary*
Nelson D. Cary (0073559)
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone:  614-464-6396
Fax:       614-719-4848

*TRIAL ATTORNEY FOR DEFENDANT*

**EXHIBIT A**
**AGREEMENT REGARDING PROTECTIVE ORDER**

1.I am aware that a Protective Order dated June_____, 2020 has been entered by the Court governing the proceeding captioned Tiffany Flannery v. Riverside Research Institute, United States District Court for the Southern District of Ohio, Case No. 3:18-cv-00412 (the "Litigation").  I have been provided with a copy of that Order, and I have read and understand the prohibitions of that Protective Order.

2.I agree that I will use any Confidential or Attorneys' Eyes Only documents and information given to me only in connection with my work in the Litigation and that I will not under any circumstances disclose to or discuss with anyone other than the attorney or others identified in Paragraphs 4 and 5 of the Protective Order such Confidential Material and/or Attorneys' Eyes Only Material, or information derived therefrom.

3.I consent to be subject to the jurisdiction of the Court in the above referenced Litigation in conjunction with any compliance or non-compliance with the Protective Order.

Date: _____

Printed Name: _____

On behalf of: _____

Signor's Title: _____

Business Address: _____
_____
_____